**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40529
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SALEEM AGAJANI,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:97-CR-56-2
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Saleem Agajani appeals the 33-month sentence imposed

following his guilty-plea conviction of conspiracy to commit

fraud in connection with access devices in violation of 18 U.S.C.

§ 1029(b)(2).  As his sole ground for appeal, he asserts that the

district court erred in applying the 1995 version of the United

States Sentencing Guidelines ("U.S.S.G.") manual, which was in

effect on the date of the offense, rather than the 2001 version.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Agajani did not object to the use of the 1995 guidelines; we therefore review his argument under the plain-error standard. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)).

Agajani has not demonstrated plain error in connection with his sentence. Although he could have received the same 33-month sentence under either version of the sentencing guidelines, application of the 2001 version would have exposed him to a higher sentencing range because Agajani's offense involved possession of device-making equipment and his offense level would have been higher. Compare U.S.S.G. § 2F1.1 (1995) with § 2B1.1 (2001); see United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

AFFIRMED.